**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LISA GIBBONS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-4950 |
| | ) | |
| VILLAGE OF SAUK VILLAGE, an Illinois | ) | Judge |
| Municipality | ) | |
| | ) | Magistrate Judge |
| Defendant. | ) | |
| _____ | ) | |

## *COMPLAINT*

NOW COMES the Plaintiff, LISA GIBBONS, by and through her attorney, WALSH LAW GROUP, P.C., and complains of Defendant VILLAGE OF SAUK VILLAGE as follows:

### *NATURE OF THE ACTION*

1.      This is an action under Title VII of the Civil Rights Act and Section 1983 of the United States Code to correct unlawful retaliatory employment practices and to provide appropriate relief to LISA GIBBBONS ("Ms. Gibbons"), who was subjected to retaliatory termination by her employer, VILLAGE OF SAUK VILLAGE ("Sauk Village").

### *JURISDICTION AND VENUE*

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331 and 1343.

3.      Venue is proper where the unlawful employment practices alleged below were committed and the parties reside in Cook or Will County, Illinois, counties within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

4.      All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt of a Right-to-Sue letter on March 15, 2015 issued by the Equal Employment Opportunity Commission. *See* Exhibit A.

### *THE PARTIES*

5.      At all relevant times, Sauk Village was incorporated in the State of Illinois and is a municipality within the State of Illinois.

6.      Ms. Gibbons was an employee of Sauk Village for twenty-four years until her termination of February 19, 2014.

### *STATEMENT OF FACTS*

7.      Ms. Gibbons was employed by Sauk Village for twenty-four years prior to February 19, 2014.  She held many titles, Secretary to the Chief of Police, 911 Center Director, Records Supervisor and LEADS Agency Coordinator.

8.      In 2009 and 2010, Ms. Gibbons was the victim of severe race-based discrimination and harassment.  At that time, Lewis Towers was the mayor of Sauk Village and David Hanks was a trustee.

9.      Ms. Gibbons filed two EEOC Charges based upon the prior harassment and discrimination, which led to the filing of a federal lawsuit in 2010.  Ms. Gibbons' prior lawsuit settled on August 9, 2011 but required Sauk Village to make quarterly payments to Ms. Gibbons through 2012.

10.      On November 10, 2012, Trustee David Hanks was appointed mayor of Sauk Village after former mayor Lewis Towers resigned.  Following his appointment, Mayor Hanks set out to retaliate against employees who had filed lawsuits against Sauk Village.

11.     Mayor Hanks' resultant practice of retaliating against employees with past or present lawsuits against Sauk Village included but was not limited to retaliating against Deputy Chief Rebecca Sailsbery and former Chief of Police Timothy Holevis.

12.     On February 19, 2014, Ms. Gibbons was told she was being "laid off," effective immediately.  At that time, Ms. Gibbons' job performance was exemplary, there were other positions in the village available for transfer, and there were other employees with less seniority than Ms. Gibbons who had not filed discrimination lawsuits that were not laid off.

13.     Article 4, Section 3 of the Sauk Village Employee Manual Defines Seniority as follows: "For purposes of layoffs, seniority will be considered as continuous employment."

14.     Article 4, Section 8 of the Sauk Village Employee Manual describes the layoff procedure: "Prior to such action, reasonable efforts will be made to integrate an employee into another available position within the department or into another department by transfer.  When lay-offs are required, a department head will base the decision on employee performance, the needs of the department, and if those criteria are equal, seniority will be the deciding factor.  Affected employees will be given two weeks' notice of layoff."

15.     As of February 19, 2014, Ms. Gibbons was the most experienced and qualified employee at the Sauk Village Police Department and quite possibly the most qualified of all village employees.

16.     Ms. Gibbons was not given any prior notice of her alleged "layoff" as guaranteed by Article 4, Section 8 of the Sauk Village Employee Manual.

17.     Additionally, the police department was in dire need of assistance and critically understaffed at the time of Ms. Gibbons' layoff.

18.     Between February 2014 and the present, Sauk Village also had a policy whereby individuals that were "laid off" would have priority over other applicants when new positions at the village became available.  That policy was not applied to Ms. Gibbons.

19.     In the months following the alleged "layoff," it became clear Ms. Gibbons was actually terminated as other positions were being filled with new hires and Sauk Village did not offer any of the positions to Ms. Gibbons.

20.     Ms. Gibbons was terminated in retaliation for filing a prior lawsuit against Sauk Village.

## *COUNT I – VIOLATION OF TITLE VII – RETALIATORY DISCHARGE*

21.     Ms. Gibbons repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through twenty as if fully set forth herein.

22.     Sauk Village engaged in unlawful employment practices in violation of § 703(a) of Title VII**,** 42 U.S.C. § 2000e-2 by terminating Ms. Gibbons.

23.     Sauk Village discriminated against Ms. Gibbons with respect to the terms and conditions of her employment when she was terminated because of prior engagement in a protected activity in violation of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e *et seq.,* as amended by the Civil Rights Act of 1991.

24.     Sauk Village's employment practices and conduct were and are intentional, deliberate, willful, and conducted in callous disregard of the rights of Ms. Gibbons.

25.     Sauk Village's policies and practices have produced, *inter alia*, disparate treatment with respect to the terms and conditions of Ms. Gibbons' employment.

26. By reason of Sauk Village's retaliatory practices, Ms. Gibbons is entitled to all legal and equitable remedies available under Section 2000e *et seq.*, as amended by the Civil Rights Act of 1991.

27. By reason of Sauk Village's intentionally retaliatory acts, Ms. Gibbons suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and emotional distress.

WHEREFORE, LISA GIBBONS demands judgment against SAUK VILLAGE in an amount in excess of $300,000.00, and for all legal and equitable relief available pursuant to Title VII of the Civil Rights Act and the Civil Rights Act of 1991 including back pay, reinstatement or front pay, attorneys' fees, litigation expenses and cost of suit.

### *COUNT II – DENIAL OF PROCEDURAL DUE PROCESS UNDER 42 U.S.C. § 1983*

28. Ms. Gibbons repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through twenty as if fully set forth herein.

29. Article 8, Section 3 of the Manual provides employees with the right to a pre-termination hearing.

30. Ms. Gibbons was not provided with a pre-termination hearing prior to February 19, 2014 in accordance with Article 8, Section 3 of the Manual.

31. Article 8, Section 4 of the Manual provides employees with the right to a post-termination appeal.

32. Ms. Gibbons was not able to avail herself to a post-termination appeal because Sauk Village claimed that her termination was a "layoff."

33. Ms. Gibbons did not realize that Sauk Village had actually terminated her until long after the time limit to file a post-termination appeal had expired.

34.     Therefore, Sauk Village's intentionally deceptive reference to Ms. Gibbons' termination as a layoff served to deprive her of any post-deprivation hearing.

35.     Sauk Village deprived Ms. Gibbons of her right to procedural due process as secured by the Fourteenth Amendment of the United States Constitution by refusing to provide her with either a pre-termination or post-termination appeal.

36.     Sauk Village is responsible for the deprivation of Ms. Gibbons' Federal Rights.

37.     Sauk Village was acting under color of law when depriving Ms. Gibbons of these rights.

38.     That as a result of the aforementioned deprivation of federal rights, Ms. Gibbons suffered, and will likely continue to suffer, grievous harm including without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

WHEREFORE, LISA GIBBONS demands judgment against Defendant SAUK VILLAGE in an amount in excess of $300,000.00, and for all legal and equitable relief available including back pay, reinstatement or front pay, attorneys' fees, litigation expenses and cost of suit.

### *COUNT IV – MONELL CLAIM*

39.     Ms. Gibbons repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through twenty as if fully set forth herein.

40.     The retaliatory discharge to which Ms. Gibbons was subjected was carried out by policymakers in Sauk Village, including Mayor Hanks, with final policymaking authority to carry out the acts complained of in the preceding paragraphs.

41.     The retaliatory discharge to which Ms. Gibbons was subjected was part of a custom, policy and practice espoused by Sauk Village to retaliate against employees that file lawsuits against the village.

42.     That as a result of employing a custom, policy and practice of retaliation carried out by Mayor Hanks, Ms. Gibbons suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

WHEREFORE, LISA GIBBONS demands judgment against Defendant SAUK VILLAGE in an amount in excess of $300,000.00, and for all legal and equitable relief available including back pay, reinstatement or front pay, attorneys' fees, litigation expenses and cost of suit.

### *JURY DEMAND*

43.     Plaintiff demands trial by jury pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981 a (c) (1).

Respectfully submitted,

WALSH LAW GROUP, P.C.


By: ___/s/ Patrick J. Walsh___
        Patrick J. Walsh, Esq.




Patrick J. Walsh, Esq.
WALSH LAW GROUP, P.C.
30 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
(312) 466-7683
ARDC No. 6287629