## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LISA GIBBONS,                          )
                  Plaintiff,      )     No. 15 CV 4950
                               )
    v.                                 )     Magistrate Judge Young B. Kim
                               )
VILLAGE OF SAUK VILLAGE,               )
                               )     May 3, 2016
                Defendant.      )

### MEMORANDUM OPINION and ORDER

Lisa Gibbons brings this three-count action against the Village of Sauk Village ("Village"), alleging that her termination from employment in the Village Police Department violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1983. (See R. 31, Am. Compl. ¶¶ 1, 7.) The parties consented to this court's jurisdiction pursuant to 28 U.S.C § 636(c). (R. 18.) Before the court is the Village's second motion to dismiss Counts II and III of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 34.) For the following reasons, the motion is granted in part and denied in part:

### Background

When ruling on a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded allegations of the complaint and considers them in the light most favorable to the plaintiff. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Because the court already set forth this case's factual background in its prior order dismissing Gibbons's original complaint without prejudice, (R. 30), the court only includes a

brief summary of the facts here.  Gibbons filed suit in June 2015 alleging that the Village, through Mayor David Hanks, set out in November 2012 to retaliate against individuals who had previously filed lawsuits against the Village.  (R. 1, Compl. ¶¶ 10-11.)  She claims that as part of that retaliation, her employment was unlawfully terminated in February 2014.  (Id. ¶¶ 12-19.)  The Village moved to dismiss her complaint in September 2015, (R. 13), and this court granted the motion in part, finding that Gibbons failed to state Section 1983 claims in Counts II and IV[1] because she did not adequately allege that she had a right to continued employment with the Village or that the Village's policy or practice caused the deprivation of this right, (R. 30, Order at 4).  However, the court denied the Village's motion as to Count I, finding that Gibbons sufficiently pled her Title VII claim for unlawful retaliation.  (R. 30, Order at 2-4.)

Gibbons then filed an amended complaint on February 18, 2016, adding allegations describing portions of an employee manual providing employees with the right to procedural safeguards prior to termination.  (R. 31, Am. Compl. ¶¶ 19-22.)  Her amended complaint also includes new paragraphs alleging that according to the manual, the nature of her employment was contractual as opposed to at-will, and that the Village had no cause for terminating her.  (Id. ¶¶ 33-38, 45.)  Furthermore, Gibbons expanded on her allegations against Mayor Hanks, asserting that he was "a final policymaker relative to the discharge of employees, including

---

[1] Gibbons misnumbered the counts in her original complaint, skipping Count III. (See R. 1, Compl.)  Count IV in Gibbons's original complaint is Count III in her amended complaint.

Ms. Gibbons," that he terminated her employment to retaliate against her for filing a discrimination lawsuit against the Village, and that his retaliatory actions against her and others "established a municipal policy for Sauk Village." (Id. ¶¶ 51-53, 55.) On March 11, 2016, the Village again moved to dismiss Counts II and III. (R. 34.) For the following reasons, the motion is denied as to Count II but granted as to Count III:

## Analysis

To survive a motion to dismiss under Rule 12(b)(6), the complaint must "state a claim that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where a plaintiff "pleads factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Lang v. TCF Nat'l Bank*, 249 Fed. Appx. 464, 466 (7th Cir. 2007).

### A.  Count II

The Village argues that Gibbons fails to state a Section 1983 claim in Count II for a due process violation because she has not alleged that an official custom, policy, or practice caused the alleged deprivation of rights. (R. 36, Def.'s Mem. at 3.) A municipality can be held liable under Section 1983 if, among other things, an individual with final policy-making authority for the municipality on the subject in

question caused a constitutional deprivation. *Monell v. City of New York*, 436 U.S. 658, 690 (1978). The Village contends that although Gibbons makes *Monell*-related allegations in Count III of her first amended complaint, she still fails to state a claim in Count II because the allegations under Count III are not incorporated into Count II. (Id.) Gibbons charges in Count III, which she designates as her "*Monell* Claim," that her termination constituted retaliation carried out by Mayor Hanks as a "final policymaker relative to the discharge of employees." (R. 31, Am. Compl. ¶¶ 51-54.) She further alleges that her retaliatory discharge "established a municipal policy for Sauk Village." (Id. ¶ 53.) But she does not include these allegations, by incorporation or otherwise, in Count II.

As an initial matter, the court finds that Gibbons's inclusion of *Monell* allegations under the heading of Count III instead of Count II is not necessarily fatal to Count II. The court reads the complaint and assesses its plausibility as a whole. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole."). The court is mindful of the fact that the conventional system of notice pleading applies to Section 1983 actions against municipalities and that there is no heightened pleading standard in these cases. *See Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467, 479 (7th Cir. 1997) (citation omitted). Indeed, other courts in this district have looked beyond the headings in a complaint to determine whether allegations are sufficient to state a claim. *See, e.g., Cruz v. Dart*, No. 11 CV 630, 2012 WL 5512275,

at *6-7 (N.D. Ill. Nov. 13, 2012) (finding that an allegation included under a separate count, Count III, should be considered part of the complaint "as a whole" when deciding whether Count I should be dismissed); *see also McCormick v. City of Chi.*, 230 F.3d 319, 324-326 (7th Cir. 2000) (reversing dismissal of municipal liability claim where the "smattering of phrases" regarding "policymaking" and "widespread custom" throughout the complaint provided enough operative facts for defendant to have notice of the basis of plaintiff's charges). Furthermore, for reasons discussed below, Counts II and III are both—at their core—Section 1983 claims based on the denial of procedural due process. Accordingly, although the Village correctly notes that Gibbons did not incorporate her Count III allegations into Count II, the court finds that this failure is not fatal to her claim in Count II.

The court next addresses whether Gibbons's allegations regarding the Village's custom, policy, or practice are sufficient, when taken as a whole, to withstand the Village's motion to dismiss. The allegations must "plausibly suggest an entitlement to relief" and "give enough details about the subject-matter of the case to present a story that holds together." *McCauley v. City of Chi.*, 671 F.3d 611, 616-17 (7th Cir. 2011) (citations and internal quotations omitted). But complaints are construed liberally, *Riemer v. Illinois DOT*, 148 F.3d 800, 804 (7th Cir. 1998), and the Seventh Circuit has found that allegations bordering on "boilerplate vagueness" were nonetheless sufficient to allege a *Monell* claim. *See Lanigan*, 110 F.3d at 480 (reversing dismissal of Section 1983 claim against village because the plaintiff alleged that the municipality had a policy of inadequately training or

supervising its officers). Here, Gibbons's complaint presents a theory with enough detail to sustain her Section 1983 claim in Count II. Gibbons alleges in paragraphs which *are* incorporated into Count II that Mayor Hanks engaged in a "practice of retaliating against employees with past or present lawsuits" against the Village and that this practice led to her termination. (See R. 31, Am. Compl. ¶¶ 10, 24, 32.) Gibbons further alleges in Count II that as a result of this retaliation, she was unlawfully deprived of a pre-termination hearing and a post-termination appeal. (See id. ¶¶ 40-48.) Then as part of Count III, Gibbons alleges that Mayor Hanks acted as a final policymaker for the Village when he terminated her employment in retaliation for filing a prior discrimination lawsuit against the Village. (See id. ¶¶ 51-55.) Because Gibbons's allegations when taken as a whole provide the Village with adequate notice of the crux of her charges, the Village's motion to dismiss is denied as to Count II.

## B. Count III

Gibbons styles Count III of her amended complaint as a "*Monell* Claim," but it is unclear how Count III stands apart from her due process claim in Count II. (See R. 31, Am. Compl. at 7.) Although Gibbons contends that Count III alleges an equal protection claim separate from her due process claim in Count II, (R. 38, Pl.'s Resp. at 8), the Village correctly points out that there is no equal protection cause of action based on retaliation because "the right to be free from retaliation may be vindicated under the First Amendment or Title VII, but not the equal protection clause," *see Boyd v. Ill. State Police*, 384 F.3d 888, 898 (7th Cir. 2004). The Seventh

Circuit made clear in *Boyd* that retaliating against a person for filing charges of race discrimination, for example, is not the same as discriminating against a person on the basis of their race. *See* 384 F.3d at 898 (collecting cases); *see also Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir. 1989) (affirming dismissal of equal protection claim based on retaliation for protesting sex discrimination because "no court [] has recognized" such a claim under the equal protection clause); *Vukadinovich v. Bartels*, 853 F.2d 1387, 1391-92 (7th Cir. 1988) (plaintiff's equal protection claim alleged "only that he was treated differently because he exercised his right to free speech" and thus was "a mere rewording of plaintiff's First Amendment-retaliation claim"). Without Gibbons's equal protection claim, the allegations in Count III are only useful as support for her claim against the Village in Count II. Because the court already reads the *Monell* allegations in Count III as a basis for her claim in Count II, and because there is no valid basis for a separate equal protection claim in Count III, the motion is granted as to Count III.

## Conclusion

For the foregoing reasons, the Village's motion to dismiss is granted as to Gibbons's equal protection claim in Count III but denied as to Count II.

ENTER:

_____

Young B. Kim
United States Magistrate Judge

7