UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA GIBBONS, | No. 15 CV 4950 |
| Plaintiff, | |
| v. | Magistrate Judge Young B. Kim |
| VILLAGE OF SAUK VILLAGE, an Illinois Municipality, | |
| | May 25, 2018 |
| Defendant. | |

**MEMORANDUM OPINION and ORDER**

On November 26, 2017, Plaintiff Lisa Gibbons accepted Defendant Village of Sauk Village's ("the Village") offer of judgment pursuant to Federal Rule of Civil Procedure 68. (R. 161.) Based on this acceptance, this court entered a final judgment in the case on December 11, 2017. (R. 166.) Thereafter, Gibbons moved to amend the court's judgment order and for attorneys' fees and costs, (R. 173), and the Village moved to amend or correct the judgment order, (R. 174). For the following reasons, Gibbons's motion to amend the judgment order is granted and the Village's motion is denied:

**Background**

In June 2015 Gibbons filed claims under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, alleging that the Village engaged in retaliatory termination practices and procedural due process violations by terminating her employment and then refusing to rehire her after she engaged in

protected activities. On November 13, 2017, after more than two years of litigation and shortly before trial was set to begin, the Village extended an offer of judgment to Gibbons pursuant to Rule 68. (R. 161.) The terms of the offer were as follows:

> 1. A judgment in favor of Plaintiff Lisa Gibbons and against Defendant in the amount of $25,000 (twenty-five thousand dollars and zero cents) as to all liability claimed in this action;
>
> 2. Defendant will pay reasonable attorneys' fees and costs that Plaintiff Lisa Gibbons incurred in this action, to be determined by the Court upon the filing of a petition under Federal Rule of Civil Procedure 54 and Local Rule 54.3.

(Id.) The Rule 68 offer further stated, "[t]his offer is not to be construed in any way as an admission of liability by the Defendant, but rather is made solely for the purpose of compromising a disputed claim." (Id.) Gibbons accepted the Rule 68 offer two days before trial was scheduled to begin. (R. 161-1.)

On December 11, 2017, this court entered judgment ordering:

> 1. That judgment is entered in favor of Plaintiff and against Defendant Village of Sauk Village in the total amount of $25,000, not including attorneys' fees and costs; and
>
> 2. That the court shall determine the amount of reasonable attorneys' fees and costs Defendant must pay to Plaintiff, as the prevailing party in this case, accrued through November 13, 2017, upon Plaintiff's petition for fees and costs.

(R. 166.)

On January 8, 2018, Gibbons moved to amend this judgment order to reflect that she is entitled to reasonable attorneys' fees through the date the court rules on her fee petition, rather than up to the date the Village made the Rule 68 offer. (R. 173.) That same day, the Village moved to amend the judgment to omit any

2

reference to Gibbons as the "prevailing party." (R. 174.) The Village argues that Gibbons is not the prevailing party and should not be allowed to recover fees and costs, or alternatively, that the fee award should reflect what it characterizes as Gibbons's "limited success" in this case. (R. 181, Def.'s Resp. at 10, 15.)

**Analysis**

The parties' disagreements reflected in their competing motions center on three fundamental issues: (1) whether Gibbons is properly considered the prevailing party in this case; (2) to the extent that Gibbons is entitled attorneys' fees, whether she should be awarded those fees accrued through the date of the offer of judgment or through the date the court rules on the petition for fees; and (3) the reasonableness of Gibbons's request for fees in light of the judgment amount. This opinion addresses the first two issues.

**A.     Prevailing-Party Status**

The standards for an award of attorneys' fees are the same under 42 U.S.C. §§ 1988 and 2000e-5(k). *Zabkowicz v. West Bend Co., Div. of Dart Indus., Inc.*, 789 F.2d 540, 549 n.9 (7th Cir. 1986). In order to be entitled to attorney's fees, Gibbons must show that she is a "prevailing party," meaning she succeeded "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Farrar v. Hobby*, 506 U.S. 103, 108 (1992) (quotation and citation omitted). In its motion to amend the judgment the Village argues that Gibbons should not be considered a "prevailing party" for purposes of entitlement to attorneys' fees. (R. 174, Def.'s Mot. at 4.) In support the Village points in part to

what it characterizes as disclaimer language in its Rule 68 offer, which states that "[t]his offer is not to be construed in any way as an admission of liability by the Defendant, but rather is made solely for the purpose of compromising a disputed claim." (Id. at 5; R. 161.) Because there is no language in the offer referring to Gibbons as the prevailing party, according to the Village, the court should amend the judgment order to omit any reference to Gibbons as the prevailing party. (R. 174, Def.'s Mot. at 7-8.) The court disagrees.

A Rule 68 offer of judgment is a contract bound to essential principles of contract interpretation. *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1076 n.1 (7th Cir. 1999). Courts look to protect agreements between private parties rather than invalidate them, and ambiguities are construed against the party extending the Rule 68 offer. *See id.* ("We believe that the offeror should bear the burden of persuasion."). Because a litigant's decision to accept or decline a Rule 68 offer has binding ramifications, these contract principles have even greater import in this context. *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013). Specifically, a Rule 68 offer of judgment is a tool defendants may use to force the plaintiffs to make a choice between accepting the conditions of the judgment or bearing the burden of paying for the defendants' costs absent a later judgment that is more favorable than the unaccepted offer. *See* Fed. R. Civ. P. 68(d). Accordingly, the power that naturally rests with the defendant as the party making the offer supports the strict construction of ambiguities against the defendant. *See Sanchez*, 709 F.3d at 690, 692 ("Most important, because the consequences of a Rule 68 offer

4

are so great, the offering defendant bears the burden of any silence or ambiguity concerning attorney fees.").

Here, construing the Rule 68 offer and its ambiguities strictly against the Village, the court disagrees that the language it points to is sufficient to put Gibbons on notice that she would not be considered the prevailing party for purposes of fees upon her acceptance of the offer. Disclaiming any admission of liability, as the Village did in its Rule 68 offer, is not the same as clarifying that Gibbons would not be the prevailing party, especially where the offer explicitly allowed a "judgment in favor of Plaintiff Lisa Gibbons and against Defendant." (R. 161.) Had the Village intended to preclude Gibbons from claiming prevailing party status, it could have drafted the offer to make clear that she could not be construed as the prevailing party despite the judgment in her favor.

Moreover, the offer states that the Village will "pay reasonable attorneys' fees and costs to Plaintiff Lisa Gibbons incurred in this action, to be determined by the Court." (Id.) Because the court has discretion to allow reasonable attorneys' fees to "the prevailing party," *see* 42 U.S.C. §§ 1988, 2000e-5(k), it would be inconsistent to interpret an offer including reasonable attorneys' fees to preclude treatment of the accepting party as "prevailing" absent some explicit language making clear that the acceptance would not confer that status. *See Fletcher v. City of Ft. Wayne, Ind.*, 162 F.3d 975, 977 (7th Cir. 1998) ("That the agreement contained the defendants' we-admit-nothing slug line would not prevent the plaintiffs from asking the court to treat them as prevailing parties."). In short, when strictly construed against the

5

Village, nothing in the offer precludes Gibbons from claiming prevailing party status.[1]

The Village also argues that Gibbons should not be considered the prevailing party because, according to it, the amount she accepted was so low relative to her settlement demand that it amounts to nothing more than a gratuity. But the Supreme Court has held that even a party that receives only nominal damages may be considered the prevailing party, as long as those damages change the legal relationship between the parties to the case. *Farrar*, 506 U.S. at 105, 111. However, the *Farrar* Court made clear that Section 1988 was "never intended to produce windfalls to attorneys," and so the trial court may deny attorneys' fees where the nominal damages reveal a plaintiff's failure to prove an actual, compensable injury. *Id.* at 115 (quotation and citation omitted). In other words, "a reasonable attorney's fee for a nominal victor is usually zero." *Aponte v. City of Chi.*, 728 F.3d 724, 727 (7th Cir. 2013). By contrast, where a prevailing party's recovery is small but not "de minimus" or "trifling," the court proceeds to calculate fees using the traditional lodestar method and then may reduce the lodestar amount to account for a relatively limited result. *See Hensley v. Eckerhart*, 461 U.S.

---

[1] In her reply brief Gibbons argues that the Village's argument shows that it fraudulently induced her acceptance of the Rule 68 offer and claims that it should be sanctioned under Rule 11. (R. 190, Pl.'s Reply at 9.) This request is denied because a reply brief is not a proper vehicle through which to seek Rule 11 sanctions. *See* Fed. R. Civ. P. 11(c)(2) (noting that a "motion for sanctions must be made separately from any other motion"); *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025 (7th Cir. 1999) ("Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion.").

424, 434 (1983); *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009).

This court concludes that although the judgment award Gibbons secured here is significantly less than the relief she sought, it is not fairly characterized as "de minimus" or "nominal" as to warrant bypassing the lodestar analysis. *See Farrar*, 506 U.S. at 115. The Seventh Circuit and district courts in this circuit have found that similar and smaller awards are not trifling, *see Montanez v. Simon*, 755 F.3d 547, 556-57 (7th Cir. 2014) (noting that a $2,000 damages award is "a meaningful sum"), even where the plaintiff sought significantly higher awards, *see, e.g., Heyne v. Nick's Am. Pancake & Café, Inc.*, No. 3:11-CV-305 JD, 2013 WL 6047553, at *7 (N.D. Ind. Nov. 15, 2013) (finding that $24,000 award not "trifling" even though only represented 3.5% of trial demand); *Catalan v. RBC Mort. Co.*, No. 05 CV 6920, 2009 WL 2986122, at *1-2, *8 (N.D. Ill. Sept. 16, 2009) (finding that $11,100 jury award is not "de minimus" where plaintiff sought $65,000 at trial).

Moreover, the history of the litigation and time spent by the parties also weigh against the Village's argument. The parties engaged in extensive motion practice from 2015 until late 2017, when the Village made its offer approximately two weeks before trial. By then the Village had lost multiple motions to dismiss Gibbons's claim, and litigated the case right up to the precipice of trial before making its offer of judgment. Under these circumstances, the court does not find that the Village's Rule 68 offer can be neatly characterized as a "gratuity." *See Aponte*, 728 F.3d at 729 (noting that court may factor in "whether court resources or

defense costs were needlessly exhausted"). The Village relies on *Fisher v. Kelly*, 105 F.3d 350 (7th Cir. 1997), (R. 195, Def.'s Sur-Reply at 4), in support of its position but the facts in *Fisher* are very different from the facts of this case. In *Fisher*, by accepting an offer of judgment, the plaintiff ended up recovering less than what the defendant had offered during their settlement discussions. *Id.* at 353-54.

The Village nonetheless argues that because Gibbons accepted an award that hovers around seven percent of her most recent settlement demand, any award of attorneys' fees should be denied under what some cases have called "the 10% Rule." (R. 174, Def.'s Mot. at 6–7.) The 10% Rule the Village references is less of a rule than a guideline in determining the proportionality of the award. *See Tuf Racing Prods., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 592 (7th Cir. 2000) (stating that "a plaintiff's failure to obtain at least 10 percent of the damages it had sought . . . [is] a factor to consider along with other factors weighing for or against an award of attorneys' fees"). Moreover, it is a guideline that "seems to be losing favor." *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 545 (7th Cir. 2009). Because this court has determined that the award is not nominal, and that other factors weigh toward applying the lodestar method, the court will not deny fees based solely on the 10 % Rule. *See Tuf Racing Prods.*, 223 F.3d at 592; *see also Estate of Enoch ex rel. Enoch*, 570 F.3d at 823. However, the court will take into account the level of Gibbons's success when considering her petition for fees and costs.

## B. Attorneys' Fees Accrual End Date

In her motion to amend the judgment, Gibbons seeks an amendment eliminating the judgment's language specifying that the court would determine the amount of reasonable fees and costs "accrued through November 13, 2017." (R. 166; R. 173, Pl.'s Mot. at 3, 6.) According to Gibbons, nothing in the offer of judgment specifies a temporal limit to the attorneys' fees accrued, and the judgment should be amended to specify that she is entitled to reasonable attorneys' fees and costs "incurred in this action," meaning through the date of the court's ruling on her fee petition. (R. 173, Pl.'s Mot. at 6.)

Construing the offer's language against the Village, as it must do, the court agrees with Gibbons. Just as the Village could have included language disclaiming Gibbons as the prevailing party, the judgment offer could have included language specifying the timeline of the fees provision. In the absence of that language, as the prevailing party Gibbons "is entitled to collect the legal expenses incurred in obtaining an award of fees for success on the merits." *Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 917 (7th Cir. 2010); *see also Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988) (noting that prevailing party in civil rights case is entitled to fees incurred in proving reasonably incurred fees). Given the court's discretion to award reasonable attorneys' fees and construing the Village's offer of "reasonable attorneys' fees incurred in this action" in Gibbons's favor, the court finds that fees incurred preparing for trial after the offer was extended and in connection with the fee petition were "incurred in this action," and that reasonable fees should not be

cut off at the time of the offer. *See id.*; *Spruce v. Midland Funding, LLC*, No. 14 CV 1316, 2015 WL 3484243, at *2 (N.D. Ill. June 1, 2015). Accordingly, Gibbons's motion to amend the judgment is granted.

## Conclusion

For the foregoing reasons, Gibbons's motion to amend the judgment order is granted and the Village's is denied. The court vacates the judgment order entered on December 11, 2017. The court will enter a new judgment order once it rules on Gibbons's petition for reasonable attorneys' fees and costs.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**